IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | | Civil No. RDB-12-3042 |
| v. | * | Criminal No. RDB-09-219 |
| TODD BELL | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Todd Bell was convicted and sentenced in this Court in 2010. On October 12, 2012, he collaterally attacked his conviction and sentence by way of a motion to vacate pursuant to 28 U.S.C. § 2255, and this motion is now pending before this Court. In conjunction with his motion to vacate, Bell requested appointment of counsel. Upon reviewing Bell's request, this Court finds that Bell does not require appointment of counsel.

Bell's motion to vacate constitutes an independent civil proceeding. Bell has no constitutional right to appointed counsel. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). Instead, the matter is left entirely to the Court's discretion. Rule 8 of the *Rules Governing Section 2255 proceedings for the United States District Courts* provides that counsel should be appointed for a movant who qualifies for appointment of counsel under 18 U.S.C. §3006A(g) if the Court finds that an evidentiary hearing is required to determine whether the challenged sentence should be vacated. *See* Rule 8(c) of the *Rules Governing Section 2255 Proceedings*. However, where no hearing is required, the appointment of counsel is not warranted. *See Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992) (explaining that a criminal defendant has no statutory right to counsel when the Court determines that an evidentiary hearing is not required to settle a motion to vacate pursuant to 28 U.S.C. § 2255).

At this early stage of review, Bell is able to articulate his claims, and his ineffective assistance of counsel claim is not unduly complex. *See id.* (explaining that a criminal defendant's asserting ineffective assistance of counsel under the *Strickland* test has a "straightforward nature"). Thus, there is no immediate need for counsel, and the motion will be DENIED without prejudice.

Accordingly, it is this 24th day of September, 2013, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Bell's request for appointment of counsel is DENIED; and
2. The Clerk MAIL a copy of this Order to Todd Bell and ALSO PROVIDE a copy of this Order to Assistant United States Attorney Bonnie S. Greenberg

/s/

Richard D. Bennett
United States District Judge