IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | | Civil No. RDB-12-3042 |
| v. | * | Criminal No. RDB-09-0219 |
| | | |
| TODD BELL | * | |

\* * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

The *pro se* petitioner Todd Bell filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner challenges his sentence on grounds that his attorney rendered ineffective assistance of counsel in violation of his rights under the Sixth Amendment. In his Motion to Vacate, Petitioner claims that the Government failed in its burden of proving that the Petitioner qualified for a sentence enhancement under the Hobbs Act of 1951 because (1) Petitioner's Defense Counsel failed to object to the base offense departure pursuant to his charge under 18 U.S.C. § 1951(a); (2) Defense Counsel erred by not objecting to the Government's alleged failure to obtain subject-matter jurisdiction over the Petitioner's prior Maryland conviction; (3) Defense Counsel coerced Petitioner into a plea under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure; and (4) Defense Counsel failed to serve as a meaningful adversary to the Government. Upon reviewing Petitioner's Motion and the Government's opposition thereto, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). Because Petitioner failed to demonstrate that his counsel provided ineffective assistance, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 184) is DENIED.

BACKGROUND

On April 23, 2009, a grand jury in the District of Maryland charged Todd Bell by indictment with Hobbs Act robbery (Counts One and Three), in violation of 18 U.S.C. § 2113, and use of a firearm during and in relation to a crime of violence (Counts Two and Four), in violation of 18 U.S.C. § 924(c). A grand jury issued a Superseding Indictment (ECF No. 28) on September 3, 2009, which charged the Petitioner with conspiracy to commit Hobbs Act robbery (Count One) in violation of 18 U.S.C. § 1951(a), Hobbs Act robbery (Counts Two and Four) in violation of 18 U.S.C. § 1951, and use of a firearm during and in relation to a crime of violence (Counts Three and Five), in violation of 18 U.S.C. § 924(c). Second Superseding Indictment, ECF No. 28.

On August 2, 2009, the Petitioner pled guilty to Counts Three and Five of the Second Superseding Indictment pursuant to Fed. R. Crim. P. 11(c)(1)(C), with an agreed-upon disposition of 32-years incarceration. Re-arraignment, ECF No. 118; Ct. Tr., Aug. 2, 2009, 12:15-25, ECF No. 134. The mandatory minimum sentence for Counts Three and Five combine to impose a composite sentence of 32-years incarceration. Ct. Tr., Aug. 2, 2009, 5:5-11, ECF No. 134.

On October 7, 2010, Petitioner attempted to withdraw his guilty plea. Petr.'s Mot. to Withdraw Guilty Plea, ECF No. 133. On October 12, 2010, however, Petitioner revoked his withdrawal at his sentencing hearing. Order Denying Petr.'s Mot. to Withdraw Guilty Plea, ECF No. 137. This Court sentenced Petitioner to the agreed sentence, which imposed 32 years of incarceration and five years of supervised release. J. of Petr.'s Criminal Case, ECF No. 138. The Petitioner appealed his sentence on October 31, 2010, but the Fourth Circuit affirmed. J. of

Petr.'s Appeal, ECF No. 178.  On October 12, 2012, Petitioner filed a motion to vacate under 28

U.S.C. § 2255.  Petr.'s Mot. to Vacate, ECF No. 184.

## STANDARD OF REVIEW

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).  In order to establish a claim for ineffective assistance of counsel, a petitioner must prove both elements set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 671 (1984).  First, a petitioner must show that his counsel's performance was so deficient as to fall below an "objective standard of reasonableness."  *Id.* at 688.  In assessing whether counsel's performance was unconstitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  Second, a petitioner must show that his counsel's performance was so prejudicial as to "deprive the defendant of a fair trial."  *Id.* at 687.  In order to establish this level of prejudice, the petitioner must demonstrate that there is a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  Satisfying either of the two parts of the test alone is insufficient; rather, the petitioner must meet both prongs of the *Strickland* test in order to be entitled to relief.  *See id.* at 687.  ("Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.").

## ANALYSIS

Petitioner argues four claims in his Motion to Vacate: (1) Defense Counsel failed to object to the base offense departure pursuant to his charge under 18 U.S.C. § 1951(a); (2) Defense Counsel erred by not arguing the Government failed to obtain subject-matter jurisdiction

3

over the Petitioner's prior foreign conviction; (3) Defense Counsel coerced Petitioner into a plea under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure; and (4) Defense Counsel failed to serve as a meaningful adversary to the Government.  Because this Court finds that none of Petitioner's claims have merit, Petitioner's Motion to Vacate is denied.

**I. Defense Counsel Failed to Object to the Base Offense Departure.**

Petitioner's first claim fails under *Strickland* because he cannot prove that the result of the proceeding would have been different but for counsel's alleged error.  *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (holding that the *Strickland* analysis "applies to challenges to guilty pleas based on ineffective assistance of counsel" and, in order to satisfy this prong, a person must demonstrate "a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial").  Here, even if his counsel had objected to the base offense departure pursuant to charges under 18 U.S.C. § 1951(a), Petitioner still would have received the exact same sentence because he pled guilty to charges under 18 U.S.C. § 924(c).  The sentence imposed was the mandatory minimum.  Re-arraignment, ECF No. 118.  Any possible error connected to the charges under 18 U.S.C. § 1951(a) is unrelated to the Petitioner's ultimate sentence, and as a result, any ineffective performance in this regard did not affect the outcome of Petitioner's plea.  *See Lockhart*, 474 U.S. at 59 ("The second, or 'prejudice' requirement [. . .] focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.").

**II. Defense Counsel Failed to Obtain Subject-Matter Jurisdiction Over Petitioner's Maryland Conviction.**

Similarly, Petitioner's second claim fails under the *Strickland* analysis.  Specifically, Petitioner alleges that Defense Counsel provided ineffective assistance when he "fail[ed] to argue that the prosecutor had in fact not obtained subject-matter jurisdiction over the prior

foreign conviction" by the Maryland Courts. Petr.'s Mot. at 8. Petitioner's Maryland conviction, however, did not enhance his ultimate prison sentence. The Court sentenced Petitioner to the mandatory minimum sentence for Counts Three and Five. This means that the Court did not factor Petitioner's Maryland conviction into his sentence. Therefore, even if Petitioner's counsel had objected to the Government's failure to obtain subject-matter jurisdiction over the Maryland conviction, that objection would not have affected the length of Petitioner's prison sentence because the Maryland conviction did not enhance Petitioner's sentence. For that reason, Petitioner's claim necessarily fails because Defense Counsel's alleged error did not prejudice Petitioner's case.

### III. Defense Counsel Coerced Petitioner Into Accepting the Guilty Plea.

Petitioner's third claim fails because he does not allege any factual information demonstrating that he entered his guilty plea unknowingly and involuntarily. As outlined above, a person challenging his guilty plea must establish "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 59. Petitioner claims that he did not knowingly and voluntarily enter his guilty plea because his counsel coerced him into pleading guilty. Petr.'s Mot. 4.

He does not, however, allege any specific facts proving that counsel's actions constituted coercion, and he fails to explain precisely how Defense Counsel persuaded him against his will to plead guilty. Specifically, Petitioner asserts that, "when [Petitioner] tried to withdraw his plea, his attorney became an agent for the Government, causing harm and prejudice." *Id*. Without specific evidence of coercion, Petitioner merely makes conclusory statements that Defense Counsel's performance was ineffective. Accordingly, Petitioner's claim fails. *See Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977) ("The subsequent presentation of conclusory allegations

5

unsupported by specifics is subject to summary dismissal, as are contentions that are in the face of the record wholly incredible.").

**IV. Defense Counsel Failed to Serve as a Meaningful Adversary.**

Petitioner's fourth claim fails for similar reasons. Petitioner alleges that Defense Counsel did not serve as a meaningful adversary because he never discussed a legal defense to the Government's charges; instead, Defense Counsel only offered Petitioner the plea agreement. Petr.'s Mot. 6. In analyzing Petitioner's claim, the relevant inquiry is whether proceeding to trial would have been objectively reasonable in light of the facts. *See United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012) ("The challenger's subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all the facts.").

Petitioner was at risk of a mandatory life sentence under 18 U.S.C. § 3559 had he proceeded to trial. The Government also withdrew Counts One, Two, and Four in return for Petitioner pleading guilty. Given these considerations, Petitioner's counsel acted reasonably when he advised Petitioner to accept the 32-year incarceration sentence, as opposed to exposing Petitioner to the possibility of a mandatory life sentence. *See id.* (finding that the criminal defendant's choice to accept the plea agreement was reasonable because had he "proceeded to trial, he would have undoubtedly opened himself up to multiple additional charges"). Indeed, Petitioner's sentence was favorable to him because it precluded the possibility that Petitioner would spend the rest of his life in federal prison; thus, his acceptance constituted a reasonable decision. *See Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1299 (4th Cir. 1985) ("The voluntary and intelligent character of Fields' plea bargain is further evidenced by the fact that the plea agreement was favorable to him and accepting it was a reasonable and prudent decision.").

Furthermore, a conclusory statement that Defense Counsel failed to provide a defense strategy does not overcome the strong presumption afforded to a plea colloquy. *See id.* ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."). Petitioner affirmed at his re-arraignment that he was "fully satisfied with Mr. Ticknor and his representation and the advice he's given." Ct. Tr., Aug. 2, 2009, 12:3-5, ECF No. 134. Petitioner also stated that he discussed defense strategies with Defense Counsel. *Id.* at 11:21-25. Specifically, Petitioner affirmed that he conferred with Defense Counsel about "the evidence in the case, witnesses [he] would want to call . . . the possibility of a trial, and even an appeal." *Id.* Without clear and convincing evidence to the contrary, Petitioner will be bound to his statement that he and Defense Counsel discussed defense strategies. While Petitioner may now feel dissatisfaction with his guilty plea, he cannot prove that he would have proceeded to trial without clear and convincing evidence that his Defense Counsel failed to serve as a meaningful adversary.

Finally, the criminal docket for Petitioner's case shows that Defense Counsel reasonably defended the Petitioner. Defense Counsel submitted two motions to suppress evidence (ECF Nos. 62-63) and two motions in limine (ECF Nos. 111-12). In light of the foregoing reasons, Petitioner's claim fails because Petitioner cannot show that Defense Counsel's performance was ineffective.

## CONCLUSION

Petitioner's claims of ineffective assistance of counsel lack merit because Petitioner failed to allege that his counsel prejudiced his case under the second prong of *Strickland v.*

*Washington*, 466 U.S. 668 (1984). For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 184) is DENIED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: September 24, 2013

/s/

Richard D. Bennett
United States District Judge