IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TODD BELL,

   Petitioner,

       v.

UNITED STATES OF AMERICA

   Respondent.

Civil Action No.: RDB-12-3042
Crim. Action No.: RDB-09-219

## MEMORANDUM OPINION

On September 24th, 2013, this Court entered its Memorandum Opinion and Order denying Petitioner Todd Bell's ("Petitioner") motion under 28 U.S.C. § 2255. Subsequently, Petitioner filed a Motion Pursuant to Rule 60(b)(1) (ECF No. 215) and, thereafter, a Motion for Judicial Review in the Interest of Justice (ECF No. 227). For the reasons stated below, Petitioner's Motions are DENIED.

## BACKGROUND

On April 23, 2009, a grand jury in the District of Maryland charged Todd Bell by indictment with Hobbs Act robbery (Counts One and Three), in violation of 18 U.S.C. § 2113, and use of a firearm during and in relation to a crime of violence (Counts Two and Four), in violation of 18 U.S.C. § 924(c). A grand jury issued a Superseding Indictment (ECF No. 28) on September 3, 2009, which charged the Petitioner with conspiracy to commit Hobbs Act robbery (Count One) in violation of 18 U.S.C. § 1951(a), Hobbs Act robbery (Counts Two and Four) in violation of 18 U.S.C. § 1951, and use of a firearm during

1

and in relation to a crime of violence (Counts Three and Five), in violation of 18 U.S.C. § 924(c).  Second Superseding Indictment, ECF No. 28.

On August 2, 2009, Petitioner pled guilty to Counts Three and Five of the Second Superseding Indictment pursuant to Fed. R. Crim. P. 11(c)(1)(C), with an agreed-upon disposition of 32-years incarceration.  Re-arraignment, ECF No. 118; Ct. Tr., Aug. 2, 2009, 12:15-25, ECF No. 134.  The mandatory minimum sentence for Counts Three and Five combine to impose a composite sentence of 32-years incarceration.  Ct. Tr., Aug. 2, 2009, 5:5-11, ECF No. 134.

On October 7, 2010, Petitioner attempted to withdraw his guilty plea.  Petr.'s Mot. to Withdraw Guilty Plea, ECF No. 133.  On October 12, 2010, however, Petitioner revoked his withdrawal at his sentencing hearing.  Order Denying Petr.'s Mot. to Withdraw Guilty Plea, ECF No. 137.  This Court sentenced Petitioner to the agreed sentence, which imposed 32 years of incarceration and five years of supervised release.  J. of Petr.'s Criminal Case, ECF No. 138.  The Petitioner appealed his sentence on October 31, 2010, but the Fourth Circuit affirmed.  J. of Petr.'s Appeal, ECF No. 178.

On October 12, 2012, Petitioner filed a motion to vacate under 28 U.S.C. § 2255. Petr.'s Mot. to Vacate, ECF No. 184.  The Government filed its Response brief on July 26, 2013. The deadline for Petitioner's Reply brief was August 12, 2013.  Petitioner did not file a reply within that time frame, but he mailed a Motion for Extension of Time (ECF No. 208) on September 18, 2013, and that Motion was entered on the Court's docket on September 23, 2013.  Petitioner's Motion for Extension of Time was granted by order dated September

23, but the order was not docketed until September 24th.  That same day this Court entered its Memorandum Opinion and Order denying Bell's § 2255 motion.

On December 2, 2013, Bell simultaneously appealed this Court's ruling on his § 2255 motion and filed a Motion Pursuant to Rule 60(b)(1) (ECF No. 215) seeking reconsideration based upon the timing of this Court's ruling.  Bell's appeal on this Court's § 2255 ruling was dismissed.[1]  *See* ECF Nos. 224.  Subsequently, on July 10, 2014, Bell filed a Motion for Judicial Review in the Interest of Justice (ECF No. 227).

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration."  Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment.  *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011).  As this Court recently explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, Civ. No. WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b).  *See* Fed. R. Civ. P. 59(e) & 60(b).  A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls.  *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted).

This Court issued its opinion and accompanying order denying Petitioner's Motion to Vacate on September 24, 2013.  *See* ECF Nos. 211 & 212.  Petitioner's Motion Pursuant to

---

[1] Specifically, the United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal after independently reviewing the record on the basis that Petitioner had failed to make the requisite showing for the granting of a certificate of appealability.

Federal Rule of Civil Procedure 60(b)(1) (ECF No. 215) was filed on December 2, 2013. Because Petitioner's Motion was filed more than 28 days after this Court's ruling, it was properly characterized as a motion pursuant to Rule 60.

Under Rule 60(b), the moving party must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). The moving party "must clearly establish the grounds therefore to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted). "Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.'" *Mines v. United States*, No. WMN-10-520, 2010 WL 1741375, at *2 (D. Md. April 28, 2010) (Nickerson, J.) (quoting *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1982)).

Motions filed pursuant to Rule 60(b) in § 2255 proceedings warrant special scrutiny in light of the specific procedural requirements of such cases. A motion filed under Federal Rule of Civil Procedure 60(b) that "seeks to add a new ground for relief or "attacks the federal court's previous resolution of a claim on the merits" is in fact a second or successive petition for writ of habeas corpus. *See Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). In *United States v. Winestock*, 340 F.3d 200, 206–07 (4th Cir.2003), the United States Court of Appeals for the Fourth Circuit distinguished between a Rule 60(b) motion and a 28 U.S.C. § 2255

motion, explaining that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. *Id.* at 207. A petitioner may not evade the procedural requirements for successive § 2255 motions by attaching other titles to his filings. *See Calderon v. Thompson*, 523 U.S. 538, 553 (1998) (stating that regardless of the title assigned by the litigant, the subject matter of the motion determines its status).

## ANALYSIS

### A. Motion Pursuant to Rule 60(b)(1) (ECF No. 215)

Petitioner asserts that this court "erred in denying his § 2255 [motion] after it granted his motion for a 60 day extension of time to respond to the Government's response to Petitioner's § 2255." Pet'r's Mot. Rule 60(b)(1) at 3, ECF No. 215.  Petitioner contends that he was "totally surprised by this action by the court" and asserts that the ruling constitutes a "fundamental defect that . . . violated his 'Due Process' right to have and be afforded a fair and equitable § 2255 proceedings [sic]." *Id.* at 4.  He requests that this Court reopen his § 2255 and allow him to respond to the Government's response.

Despite any alleged error by the Court or any surprise to Petitioner,[2] there is no basis for relief under the circumstances presented here.  The time for a reply expired before Petitioner ever filed his motion for an extension of time.  Moreover, despite the significant passage of time, Petitioner has never filed a proposed reply brief, nor has he identified any

---

[2] Some courts, including the Fourth Circuit, have observed that a mistake by the court itself may be encompassed within Rule 60(b)(1)'s coverage of "mistake, inadvertence, surprise, or excusable neglect." *See Aikens v. Ingram*, 652 F.3d 496, 510 n.7 (4th Cir. 2011); *see also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2858.1 (3d ed. 2015).

new arguments addressing the specific issues decided in this Court's September 24, 2013 Memorandum Opinion disposing of Petitioner's § 2255 motion. Finally, the rules governing § 2255 motions suggest that reply briefs are permitted but not required, and Petitioner has not identified any source of law to support his contention that disposition without a reply constitutes a due process violation. *See* Rule 5(d), Rules Governing Section 2255 Proceeedings for the United States District Courts ("The moving party *may* submit a reply to the respondent's answer or other pleading within a time fixed by the judge." (emphasis added)); *see also Person v. Ercole*, No. 08 CIV. 7532 LAP DF, 2015 WL 4393070, at *2 (S.D.N.Y. July 16, 2015) (slip copy) ("[D]isposition of a case without the filing of a reply does not violate a litigant's constitutional due process right."); *Malizzio v. United States*, 46 F.3d 1133 (Table) (7th Cir. 1995) (unpublished) (affirming district court's dismissal of § 2255 motion four days after government filed its response and before petitioner had opportunity to file reply). Accordingly, Petitioner is not entitled to relief under Rule 60(b)(1).

### B. Motion for Judicial Review in the Interest of Justice (ECF No. 227)

Petitioner's second motion requests "a judicial review of trial counsel['s] . . . performance in the interest of justice in order to correct and cure a fundamental miscarriage of justice." Mot. Judicial Review at 1, ECF No. 227. Petitioner specifically requests that this Court "not recharacterize[] [his motion] . . . without forewarning [him]." *Id.* at 2. In essence, Petitioner's motion attacks the performance of his attorney and asserts that, due to counsel's performance, his guilty plea was not knowing and voluntary. Thus, Petitioner's motion asserts alleged substantive grounds to vacate his conviction; indeed, his arguments

mirror several of those previously raised in his original § 2255 petition. Accordingly, regardless of how this Court construes Petitioner's motion, his motion must be dismissed.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a convicted criminal defendant is limited in the number of § 2255 petitions that he or she may file. Specifically, the Act prohibits "second or successive . . . § 2255 motion[s] to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *Valladares v. United States*, No. 6:03-CR-00703-GRA-1, 2013 WL 4505446, at *2 (D.S.C. Aug. 22, 2013) (quoting *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (citations omitted)). In order to obtain approval from the court of appeals, the second or successive § 2255 petition must raise either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2).

As explained above, a petitioner may not evade the procedural requirements for successive § 2255 motions by attaching other titles to his filings. *See Calderon v. Thompson*, 523 U.S. 538, 553 (1998) (stating that regardless of the title assigned by the litigant, the subject matter of the motion determines its status). A motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application. *See Winestock*, 340 F.3d at 207; *see also id.* ("[N]ew legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence"). Because Petitioner's motion attacks the merits of his conviction on the same basic grounds as his early motion, it must be dismissed as a successive petition because Petitioner has not demonstrated that he has

received the proper prior certification of the United States Court of Appeals for the Fourth Circuit for the filing of such a motion.[3]

Alternatively, even if this Court were to construe Petitioner's motion as requesting relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, his motion fails to demonstrate that he is entitled to relief.  Under Rule 60(b)(6), a party may request reconsideration for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  The provision is considered the "catch-all," but it has also been construed to be mutually exclusive with the grounds specified in the first through fifth provisions of the Rule.  *See United States v. Gray*, Crim. A. No. DKC 94-241, 2009 WL 4884523, at *2 (D. Md. Dec. 9, 2009).  However, such a motion under Rule 60(b)(6) requires "extraordinary circumstances" or "situations involving undue hardship." *See Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir.2004) (citation omitted).  Petitioner's motion fails to meet this high standard for the same reasons explained above in connection to the Court's other rulings.

## **CONCLUSION**

For the foregoing reasons, Petitioner Todd Bell's Motion Pursuant to Rule 60(b)(1) (ECF No. 215) and Motion for Judicial Review in the Interest of Justice (ECF No. 227) are DENIED.

---

[3] Petitioner's request that this Court not construe his motion as a successive petition pursuant to § 2255 is unavailing because the notice requirement laid out in *Castro v. United States,* 540 U.S. 375, 383 (2003), only applies to a petitioner's first motion, not subsequent filings.  *See Aladekoba v. United States*, No. CIV.A. WMN-12-1751, 2012 WL 6679230, at *1 (D. Md. Dec. 20, 2012) ("There is no notice requirement for successive petitions."); *see also United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (no error where district court dismissed successive motion for post-conviction relief without providing notice to petitioner because motion was petitioner's second motion).

A separate order follows.


Dated:  July 27, 2015

>                      /s/
>             Richard D. Bennett
>             United States District Judge