IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-09-219 |
| TODD BELL, | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Defendant Todd Bell ("Bell" or "Defendant") is currently serving a sentence of 332 months' incarceration for his involvement in a string of armed robberies that occurred between December 2008 and March 2009. (ECF Nos. 328, 329.) On August 2, 2010, Bell pled guilty to Counts Three and Five of the Second Superseding Indictment, which charged him with two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), in relation to a string of armed robberies that Bell engaged in with two co-conspirators between December 2008 and March 2009. (ECF No. 118.) While Bell was originally sentenced to 384 months' imprisonment to be followed by a five-year period of supervised release, (ECF No. 138), this Court subsequently reduced Bell's period of incarceration to 332 months' incarceration to avoid unwarranted sentencing disparities between Bell and his co-defendant Quindell Ford pursuant to 18 U.S.C. § 3553(b)(6). (ECF Nos. 328, 329.)

Presently pending[1] before this Court is Bell's *pro se* Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 343), which he filed on December 21, 2023 and supplemented on April 19, 2024 through a filing he also titled "Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C.§ 3582(c)(1)(A)" (ECF No. 348). Through these *pro se* filings, Bell requests that his sentence be reduced to time served. (ECF Nos. 343, 348.) Bell contends that a change in the law (ECF No. 343-1 at 8–12), unusually harsh prison conditions (*id.* at 13–14), circumstances caused by COVID-19 (*id.* at 14–16), and his rehabilitative efforts (*id.* at 18–20) establish extraordinary and compelling reasons justifying his early release. While the Government has not responded to Defendant's submissions, the Court deems no response necessary based on its review of Bell's submissions. Likewise, a hearing on Defendant's submissions is not necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendant Todd Bell's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 343) is DENIED with respect to his request for a time served sentence, but is GRANTED as to a sentence reduction. Specifically, Bell's total sentence will be further reduced from 332 months' to 308 months' of incarceration.[2]

## BACKGROUND

Defendant Todd Bell engaged in a string of armed robberies in the Baltimore metropolitan area from approximately December 22, 2008 to March 21, 2009. (ECF No.

---

[1] The docket erroneously indicates that two additional motions are pending—specifically, the Motion to Vacate Conviction Under 28 U.S.C. § 2255 (ECF No. 252) and Motion to Supplement 28 U.S.C § 2255 Petition (ECF No. 274). Because this Court previously approved a Notice of Dismissal of 28 U.S.C. § 2255 Motion (*see* ECF Nos. 322, 323), the separate Order directs the Clerk of Court to update the docket sheet accordingly.

[2] Bell's sentence as to Count Five will be reduced from 248 months' to 224 months' incarceration. Because 18 U.S.C. § 924(c) carries a minimum sentence of seven years whenever a firearm is brandished but not discharged, 18 U.S.C. § 924(c)(1)(A)(ii), Bell's consecutive sentence as to Count Three of 84 months' incarceration will not be reduced.

305-1 ¶¶ 7–8.) During these robberies, Bell and two co-conspirators Trevon Jones ("Jones") and Quindell Ford ("Ford") stole tens of thousands of dollars from businesses that engage in interstate commerce and injured multiple victims. (*Id.*)

On September 3, 2009, a federal grand jury issued a seven-count Second Superseding Indictment, charging Bell with five counts. (ECF No. 28.) Specifically, the indictment charged (1) Bell and his co-defendant Ford with one count conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) in connection with robberies occurring on December 22, 2008, December 24, 2008, and March 21, 2009 ("Count One" of the Second Superseding Indictment); (2) Bell and Ford with Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) in connection with a robbery occurring on December 22, 2008 ("Count Two" of the Second Superseding Indictment); (3) Bell and Ford with possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c), based upon the predicate offense in Count Two ("Count Three" of the Second Superseding Indictment); (4) Bell and Ford with Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) in connection with a robbery occurring December 24, 2008 ("Count Four" of the Second Superseding Indictment; (5) Bell and Ford with possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c), based upon the predicate offense in Count Four ("Count Five" of the Second Superseding Indictment). (*Id.*)

On August 2, 2010, Bell pleaded guilty to Counts Three and Five of the Second Superseding Indictment. (ECF No. 118.) While Bell subsequently moved to withdraw his guilty plea, (ECF No. 133), he later withdrew the motion in open court. (ECF No. 137.) And so, on October 12, 2010, Bell was sentenced to an aggregate custodial term of 384 months'

imprisonment, comprised of consecutive terms of 84 months' imprisonment as to Count Three and 300 months' as to Count Five. (ECF No. 138.) As relevant to the instant motion, 18 U.S.C. § 924(c) carries a minimum sentence of seven years whenever a firearm is brandished but not discharged, 18 U.S.C. § 924(c)(1)(A)(ii), and, at the time of his conviction, "a conviction [under § 924(c)] was treated as 'second or subsequent,' triggering [a] 25-year minimum sentence, even if the first § 924(c) conviction was obtained in the same case." *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020). However, as further detailed *infra*, after the enactment of the First Step Act in December 2018, "the 25-year mandatory minimum applie[d] only when a prior § 924(c) conviction ar[ose] from a separate case and already . . . bec[a]me final." *Id.* (citation and internal quotation marks omitted).

Following his sentencing, Bell filed a timely appeal of this Court's Judgment, (ECF No. 141). On July 18, 2011, the United States Court of Appeals for the Fourth Circuit affirmed Bell's conviction. (ECF Nos. 141, 178.)

Following the Fourth Circuit's affirmance, Bell filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 (ECF No. 184) on October 12, 2012. After this Court denied that motion on September 25, 2013 (ECF Nos. 211, 212), the Fourth Circuit dismissed his § 2255 appeal and denied a certificate of appealability. (ECF No. 224.) However, the Fourth Circuit subsequently authorized Bell to file a successive § 2255 motion, (ECF No. 251), which he did through counsel on June 1, 2016, (ECF No. 252), though the motion was later withdrawn. (ECF Nos. 322, 323.)

On April 6, 2021, Bell filed a separate Motion for Compassionate Release/Sentence Reduction (ECF No. 300) through counsel. In its Memorandum Order dated

4

September 15, 2022, this Court denied Bell's motion with respect to compassionate release, but granted it with respect to a reduction of sentence. (ECF Nos. 328.) Therein, the Court acknowledged that, following the passage of the First Step Act, Bell's second conviction under § 924(c) in Count Five no longer carried a mandatory twenty-five-year sentence. (ECF No. 328 at 12.) However, in light of "the violent nature of Bell's crimes, his substantial risk of recidivism, and the according need to protect the public," the Court held that Bell's sentence should not be substantially reduced. (*Id.* at 13.) Nevertheless, seeking to avoid unwarranted sentencing disparities between Bell and his co-defendant Ford[3] pursuant to 18 U.S.C. § 3553(a)(6), Bell's sentence as to Count Five was reduced from 300 months' to 248 months'. (*Id.*) His 84-month consecutive on Count Three remained unchanged, thus Bell's total sentence was reduced to 332 months' incarceration. (*Id.* at 12–13.)

Bell filed this instant *pro se* Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion") (ECF No. 343) on December 21, 2023. Although Defendant filed additional papers with the Court on April 19, 2024 (the "Supplement") (ECF No. 348), his Supplement is identical to the original submission except for nonmaterial differences. The only differences are that the Supplement is missing page 27 from the original and the dates on the Certificate of Service are different by four days. (*Compare* ECF No. 348-1 *with* ECF No.

---

[3] As background, Bell's co-defendant Ford pled guilty to one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). *United States v. Ford*, No. RDB-09-219, ECF No. 68. While this Court originally sentenced Ford to a term of 336 months' imprisonment, ECF No. 151, this Court reduced Ford's sentence in September 2022, such that his sentence for Hobbs Act robbery was reduced from 240 months' to 188 months' imprisonment, though his sentence of 96 months' imprisonment for the § 924(c) violation remain unchanged. See ECF Nos. 327, 328, 331. As such, Ford was resentenced to a term of 188 months' as to the Hobbs Act robbery conviction and 96 months' as to the § 924(c) conviction to run consecutive for a total term of 284 months' with credit for time served in federal custody since May 5, 2009. ECF No. 331.

343-1.) Thus, this Court will only address and cite to the original Motion (ECF No. 343) in this Memorandum Opinion. Through his Motion, Bell requests that the Court reduce his sentence to time served, contending that a change in the law (ECF No. 343-1 at 8–12), unusually harsh prison conditions (*id.* at 13–14), circumstances caused by COVID-19 (*id.* at 14–16), and his rehabilitative efforts (*id.* at 18–20) establish extraordinary and compelling reasons justifying his early release. Within his Motion, Bell also requests appointment of counsel. (*Id.* at 4.) In support of his Motion, Bell submits his Bureau of Prisons ("BOP") Individualized Needs Plan dated August 16, 2023 (ECF No. 343-2 at 2–4); his BOP Summary Reentry Plan – Progress Report dated December 5, 2022 (*id.* at 5–9); his BOP Inmate Education Date dated October 30, 2023 (*id.* at 10); his request to the BOP dated September 19, 2023 (ECF No. 343-3 at 2); FSA Recidivism Risk Assessments dated July 31, 2023 August 14, 2023 (ECF Nos. 343-4 at 2, 343-5 at 2–3); and several character letters from correctional officers and other staff members from Bell's current place of incarceration, as well as a personal friend (ECF No. 343-6 at 2–7).

Bell is now 43 years old and currently incarcerated at FCI Bennettsville in Bennettsville, South Carolina, with a projected release date of June 1, 2033. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (search by register number: 44486-037) (last accessed August 12, 2024). He has served about 173 months' of his sentence, or about 51 percent of his present sentence, dating from March 25, 2010.

## STANDARD OF REVIEW

As Bell has filed his Motion *pro se*, his Motion will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (citation omitted).

As a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization. *Dillon v. United States*, 560 U.S. 817, 819 (2010). One exception to that rule is the doctrine of compassionate release, which permits sentence reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons" warrant a sentence reduction, the reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and that the factors in 18 U.S.C. § 3553(a) "merit a reduction." 18 U.S.C. § 3582(c)(1)(A); *McCoy*, 981 F.3d at 275–76; *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). As relevant here, the Sentencing Commission's current policy statement, U.S.S.G. § 1B1.13, identifies six possible circumstances that viewed separately or together may establish "extraordinary and compelling reasons" for a sentence reduction. These reasons include:

>   (1) a serious medical circumstance of the defendant;
>   (2) a defendant who is 65 years old that suffers from serious health deterioration and has served either 10 years or 75 percent of his or her term;
>   (3) the death or incapacitation of an immediate family member;
>   (4) the defendant being a victim of abuse while in custody;
>   (5) other reasons of similar gravity as (1)–(4); and
>   (6) unusually long sentence if the defendant has served at least ten years.

7

U.S.S.G. § 1B1.13(b)(1)–(6).

Finally, the court has "broad discretion" to deny a motion for compassionate release if it determines the § 3553(a) factors do not support a sentence reduction, even if the defendant establishes extraordinary and compelling reasons for release. *See Kibble*, 992 F.3d at 330–32; *see also United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022). Section 3553(a) requires that the court consider the following factors when imposing a sentence: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline range; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a); *United States v. Bryant*, No. CCB-95-202, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

**ANALYSIS**

**I.     Administrative Exhaustion Requirements**

Bell has met his administrative exhaustion requirements. He filed his motion to the Bureau of Prisons on September 19, 2023. (ECF No. 143-3 at 2.) As well over thirty days have passed since the BOP's receipt of Bell's request, Bell has met his administrative exhaustion requirements. 18 U.S.C. § 3582(c)(1)(A).

**II.    Extraordinary and Compelling Circumstances**

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C.

§ 3582(c)(1)(A). 28 U.S.C. § 994(t). While the district court holds broad discretion in analyzing extraordinary and compelling reasons, it must remain consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021); *United States v. Taylor*, 820 F. App'x 229, 230 (4th Cir. 2020) (per curiam) (citing 18 U.S.C. § 3582(c)(1)(A)). As the Fourth Circuit noted, there had previously been "no applicable policy statements to reference;" however, that changed on November 1, 2023. *See United States v. Davis*, No. 21-7325, 2024 U.S. App. LEXIS 9399, at *4 (4th Cir. Apr. 18, 2024); *United States v. Robinson*, No. ELH-18-17, 2024 U.S. Dist. LEXIS 81817, at *13 (D. Md. May 6, 2024).

Prior to the November 1, 2023 amendment, the relevant policy statement codified in U.S.S.G § 1B1.13 read: "Upon motion of the *Director of the Bureau of Prisons* under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment." U.S.S.G. § 1B1.13 (2021) (emphasis added). The Fourth Circuit interpreted this language to not include defendant-filed motions. *McCoy*, 981 F.3d at 281 ("When a defendant exercises his . . . right to move for compassionate release on his own behalf, § 1B1.13 does not apply, and thus § 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of the district courts."). Thus, district courts could "consider any extraordinary and compelling reason for release." *Id.* at 284 (citation omitted).

Congress amended this policy statement to read: "Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment." U.S.S.G. § 1B1.13 (2023) (emphasis added). Therefore, the current policy statement, which became effective November 1, 2023, applies to defendant-filed

9

motions. *Robinson*, 2024 U.S. Dist. LEXIS 81817, at *14; *Davis*, 2024 U.S. App. LEXIS 9399, at *4; *United States v. Taylor*, No. ELH-12-0570, 2023 U.S. Dist. LEXIS 222428, at *9–10 (D. Md. Dec. 14, 2023). The updated language of § 1B1.13 conflicts with *McCoy*'s conclusion—which was based on the pre-amendment language—that the policy statement does not apply. *Robinson*, 2024 U.S. Dist. LEXIS 81817 at *14–15. The amended version of § 1B1.13 consequently does restrict district courts to follow its policy statement. *Id.*

As noted *supra*, U.S.S.G. § 1B1.13(b)(1)–(6) identifies six possible circumstances that viewed separately or together may establish "extraordinary and compelling reasons" for a sentence reduction. These reasons include:

(1) a serious medical circumstance of the defendant;
(2) a defendant who is 65 years old that suffers from serious health deterioration and has served either 10 years or 75 percent of his or her term;
(3) the death or incapacitation of an immediate family member;
(4) the defendant being a victim of abuse while in custody;
(5) other reasons of similar gravity as (1)–(4); and
(6) unusually long sentence if the defendant has served at least ten years.

U.S.S.G. § 1B1.13(b)(1)–(6). Previously, the Supreme Court required that district courts consider any non-frivolous argument for sentencing reduction based upon intervening changes in the law. *United States v. Concepcion*, 142 S. Ct. 2389, 2404 (2022). Relevant to the instant motion, the newly relevant § 1B1.13(c) clarifies that a change in the law does not constitute an extraordinary and compelling reason except as defined in § 1B1.13(b)(6). U.S.S.G. § 1B1.13(c); *Taylor*, 2023 U.S. Dist. LEXIS 222428, at *12. Furthermore, rehabilitation alone may not serve as an extraordinary and compelling reason, but a court may consider rehabilitation in combination with other circumstances. U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t).

10

Through his Motion, Bell contends that a change in the law (ECF No. 343-1 at 8–12), unusually harsh prison conditions (*id.* at 13–14), circumstances caused by COVID-19 (*id.* at 14–16), and his rehabilitative efforts (*id.* at 18–20) establish extraordinary and compelling reasons justifying his early release. While the conditions of his incarceration[4] and circumstances caused by COVID-19[5] do not establish extraordinary and compelling reasons as outlined in U.S.S.G. § 1B1.13(b)(1)–(6), Bell's first reason for compassionate release—his most compelling reason—aligns with § 1B1.13(b)(6): that he has served over 10 years and faces an unusually long sentence. The statute limits this reason to situations when a change in the law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, *and after full consideration of the defendant's individualized circumstances*." U.S.S.G. § 1B1.13(b)(6) (emphasis added). As discussed above, Bell was originally sentenced to an aggregate custodial term of 384 months' imprisonment, comprised of consecutive terms of 84 months' imprisonment as to Count Three and 300

---

[4] Bell alleges that he faced unusually harsh prison conditions during his imprisonment. (ECF No. 343-1 at 13–14.) Some of the issues described by Bell include regular lockdowns, staff shortages, disruption of visitation, and the introduction of allegedly dangerous prisoners at FCI Bennettsville. (*Id.* ("[I]llegal aliens have been moved to the Federal Prison System. Many of these prisoners are from Central American who are very dangerous gang members which contributes to a very unstable and unsafe prison environment.").) However, none of these conditions hold relevance for the instant motion because they do not fit into any of the six extraordinary and compelling reasons defined in U.S.S.G. § 1B1.13(b)(1)–(6).

[5] Exercising its discretion under the First Step Act, this Court has determined that a defendant's heightened susceptibility to COVID-19 may constitute an extraordinary and compelling reason for a sentence reduction. *See, e.g.*, *United States v. Hurtt*, No. JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020). The recent amendments to U.S.S.G. § 1B1.13 reinforce these prior holdings. *United States v. Davis*, No. 21-7325, 2024 U.S. App. LEXIS 9399, at *7 (4th Cir. Apr. 18, 2024). For COVID-19 to constitute an "extraordinary and compelling" circumstance in a given case, the defendant must allege that they have a "particularized susceptibility" to COVID-19. *See, e.g.*, *United States v. Petway,* No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022). Here, Bell articulates that he has "concerns" about the new variants of COVID and states that he "is at an increased risk to severe and potentially fatal complications if he is infected with COVID-19," (ECF No. 343-1 at 14–15.), but he does not allege any "particularized susceptibility" to COVID-19. *Petway,* 2022 WL 168577, at *2; (*See* ECF No. 343-1 at 14–15.) Bell's failure to state how he is particularly susceptible to COVID-19 means that this does not amount to an extraordinary circumstance.

11

months' as to Count Five. (ECF No. 138.) While 18 U.S.C. § 924(c) still carries a minimum sentence of 84 months whenever a firearm is brandished but not discharged, 18 U.S.C. § 924(c)(1)(A)(ii), the First Step Act amended § 924(c) such that the mandatory minimum 25-year sentence for a second or subsequent conviction under § 924(c) does not apply to Bell, whose conviction as to Count Three was not final when he was sentenced as to Count Five. *McCoy*, 981 F.3d at 275. Simply stated, if Bell were sentenced today this Court would have discretion to impose only an 84 months' consecutive sentence as to Count Five. While this Court previously recognized this and reduced Bell's sentence to 332 months' incarceration (ECF Nos. 328, 329), the Court finds the sentencing disparity between Bell's current sentence and the likely sentence under current law remains an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(b)(6). This is especially true considering Bell's continued and admirable efforts to rehabilitate himself while incarcerated.

## III.   3553(a) Factors

In *McCoy*, the Fourth Circuit made clear that "not all defendants convicted under § 924(c) should receive new sentences," and that "courts should be empowered to relieve some defendants of those sentences on a case-by-case basis." 981 F.3d at 286–87. Accordingly, a court must conduct an "individualized assessment" under § 3553(a) to determine a defendant's eligibility for a reduction. *Id.* at 286. These factors require this Court to consider: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline range; and (6) the need to

12

avoid unwarranted sentencing disparities among similarly situated defendants. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a); *United States v. Bryant*, No. CCB-95-202, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

As this Court has previously noted, Bell's extensive criminal history and the nature of the armed robberies underlying the instant conviction require a lengthy sentence that serves the purpose of deterrence and reflects the seriousness of the underlying offense. (ECF No. 328 at 10–11.) And while Bell's behavior while incarcerated has not been perfect, (*id.* at 11), Bell has demonstrated an unwavering commitment to bettering himself, taking advantage of educational and rehabilitative courses and consistently holding a job while incarcerated where he receives positive evaluations. Against this backdrop, the Court finds it appropriate to modestly reduce Bell's sentence as to Count Five.[6] Specifically, the Court will further reduce Bell's sentence as to Count Five from 248 months' to 224 months' incarceration, to run consecutively to Bell's sentence of 84 months' incarceration as to Count Three for a total term of 308 months' incarceration.

## IV. Request for Appointment of Counsel

Generally speaking, there is no constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v.*

---

[6] Both of Bell's co-defendants received shorter prison sentences. Bell's co-defendant Jones, who had no prior criminal history, received 60 months' for committing Hobbs Act robbery followed by an 84 month sentence for brandishing a firearm during and in relation to a crime of violence. *United States v. Jones*, No. RDB-09-219, ECF No. 127. While Ford was originally sentenced to a term of 336 months' imprisonment, ECF No. 151, this Court reduced Ford's sentence in September 2022, such that his sentence for Hobbs Act robbery was reduced from 240 months' to 188 months' imprisonment, though his sentence of 96 months' imprisonment for the § 924(c) violation remain unchanged. See ECF Nos. 327, 328, 331. While Ford had prior drug convictions, he had no prior crime of violence conviction and was not on probation when he committed the armed robberies, unlike Bell. Simply stated, Bell received the most prison time because he had a prior armed robbery conviction and committed the instant offenses while on probation.

*Williamson*, 706 F.3d 405, 416 (4th Cir. 2013); *United States v. Jones*, No. RDB-10-232, 2021 U.S. Dist. LEXIS 125305, 2021 WL 2805947, at *4 (D. Md. July 6, 2021). Courts have discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); *cf.* 18 U.S.C. § 3006A(a)(2)(B) (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings). The Court sees no reason to appoint counsel for the Defendant at this time.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED this 16<sup>7th</sup> day of August, 2024, that: Defendant Todd Bell's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 343) is DENIED with respect to his request for a time served sentence, but is GRANTED as to a sentence reduction. Specifically, Bell's total sentence will be further reduced from 332 months' to 308 months' of incarceration. While Bell's sentence as to Count Three of 84 months' incarceration remains unchanged, Bell's sentence as to Count Five will be further reduced from 248 months' to 224 months' incarceration.

A separate Order follows.

_____
Richard D. Bennett
United States Senior District Judge